PATTERSON, Judge.
Florida National Bank and Maurice F. McCarthy, Jr., as co-trustees of the Maurice F. McCarthy, Sr. inter vivos trust, appeal from a final judgment requiring them to pay $40,000 from the trust assets to McCarthy, Sr.’s former wife, Barbara McCarthy, in satisfaction of a claim for alimony. We affirm in part and reverse ⅛ part.
The McCarthys were divorced in 1985. Their settlement agreement and the final judgment of dissolution of marriage provided that the husband’s obligation to pay $300 per month in permanent periodic alimony would survive his death. The judgment further required the husband to secure this obligation with an irrevocable trust or assignment of life insurance benefits in the amount of $40,000.
In April of 1986 the husband executed his Last Will and Testament and the inter vivos trust in question. Neither made provision for the $40,000 of security. In June of 1986 McCarthy Sr. died. Thereafter, Barbara McCarthy made demand on the trust for the continuing payment of alimony. The trustees refused and brought an action for declaratory judgment asking the court to declare their right to distribute the corpus of the trust to the residual beneficiaries free and clear of Barbara’s claim. Barbara counterclaimed, seeking enforcement of the alimony obligation. At the conclusion of a non-jury trial the lower court entered a judgment directing the trustees to pay $40,000 to Barbara.
We conclude from our review of the record that the trial judge properly impressed the alimony obligation upon the trust. Mills v. Ball, 359 So.2d 1208 (Fla. 1st DCA 1978). We find no authority, however, to require the trustee to make a lump sum payment. The final judgment of dissolution of marriage merely provides for a continuing obligation to pay alimony which is secured. It cannot be interpreted to provide for a lump sum award. We, therefore, reverse and remand with directions to the trial court to conduct further proceedings wherein $40,000 of income-producing trust assets, together with income derived from such assets from the date of death of McCarthy, Sr. (less appropriate administration expenses), will be segregated for the use and benefit of Barbara McCarthy. From this fund, both principal and income, the trustees shall pay to Barbara McCarthy the sum of $300 per month as permanent periodic alimony from the date of death of McCarthy, Sr. Such alimony shall terminate upon the death or remarriage of Barbara McCarthy or upon the exhausting of the fund. Upon the termination of alimony, the balance of the fund, if any, shall revert to the general corpus df the trust and be distributed pursuant to its provisions. In addition to the $40,000, the trustees shall place in reserve sufficient monies to pay the cost of the administration of Barbara’s fund calculated upon her current life expectancy. Thereafter the trustees are authorized to distribute the remaining balance of the trust pursuant to its provisions.
Affirmed in part, reversed in part and remanded with directions.
SCHEB, A.C.J., and HALL, J., concur.